**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ROGER A. GRIGGS<br>#09376-025,<br><br>          Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>ATTORNEY GENERAL OF THE<br>UNITED STATES, and<br>WARDEN WALTON,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 15-cv-00335-NJR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Roger Griggs, who is currently incarcerated at the United States Penitentiary in Marion, Illinois ("USP-Marion"), brings this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff claims that he was attacked and brutally beaten by his cellmate in the cell that they shared in USP-Marion's Y Unit on June 23, 2014 (Doc. 1, p. 5). On the day of the attack, Plaintiff informed prison officials that his cellmate said he felt like killing someone (Doc. 1, p. 5). Prison officials allegedly disregarded the threat and also failed to monitor the unit while Plaintiff was attacked in his cell that night. Plaintiff now brings this action against the United States, the United States Attorney General, and Warden Walton under the FTCA and *Bivens*. He seeks monetary damages

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner

complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

For purposes of its preliminary review of this matter, the Court considered three documents, which were all filed together on the same date: the complaint (Doc. 1, pp. 1-6), the exhibits (Doc. 1, pp. 7-18), and a memorandum of law (Doc. 1-1, pp. 1-7). On the face of the complaint, Plaintiff indicates that he is bringing this action against the United States, the United States Attorney General, and Warden Walton pursuant to the FTCA (Doc. 1, p. 1). In the memorandum of law, Plaintiff also invokes *Bivens* for purposes of bringing Eighth and Fourteenth Amendment claims against specific federal officials (Doc. 1-1, pp. 4, 6). Judges are obligated to liberally construe the pleadings filed by a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Construing the pleadings liberally, the Court finds that Plaintiff has stated an FTCA claim against the United States and a *Bivens* claim against two USP-Marion officials.

## The Complaint

While housed in USP-Marion's Residential Drug Abuse Program Unit on June 23, 2014, Plaintiff noticed that his cellmate, Rodriguez Ramsy, became agitated and violent following a phone call (Doc. 1, p. 5; Doc. 1-1, p. 1). Ramsy told Plaintiff that he wanted to kill someone. At the time, Ramsy seemed "unstable, overly aggressive, violent and ready to attack" (*Id.*). Plaintiff informed the unit manager and unit officer that he was not safe in the cell with Ramsy (Doc. 1-1, p. 2). The officers dismissed Plaintiff's concerns and gave him a direct order to "lock down." Plaintiff complied.

Following a head count of the prisoners at 10:00 p.m., Plaintiff fell asleep on the top bunk.  Around midnight, he was awakened by Ramsy, who was using a belt that held a metal combination lock, to beat Plaintiff.  Before losing consciousness, Plaintiff screamed for help.

For the next thirty-five minutes, Ramsy beat Plaintiff with the homemade weapon, as inmates in nearby cells screamed for help.  They pressed the duress alarm in their cells.  But as they "beat and kicked their doors screaming for the unit officer," Ramsy continued bludgeoning Plaintiff.  No officer appeared.

Approximately thirty-five minutes after the attack began, two officers arrived at the unit.  They would not enter the cell.  Instead, they called for help.  While waiting for other officers to arrive, they ordered Ramsy to slide the belt and lock through the slot in the door.  Ramsy ignored these orders and continued beating Plaintiff.  It was not until a lieutenant and several additional officers arrived several minutes later that Ramsy allowed the officers to handcuff him.  By that time, Plaintiff had endured the attack for at least forty minutes (Doc. 1, p. 5; Doc. 1-1, p. 2).

Photographs filed as exhibits to the complaint, though difficult to see, depict a grisly, blood-soaked scene (Doc. 1, pp. 10-18).  Plaintiff claims that he sustained numerous injuries (Doc. 1-1, p. 3).  He received staples in his head, leg, and wrist.  He also suffered "emotional and mental" injuries.  He is still haunted by nightmares, anxiety attacks, and post-traumatic stress disorder and claims that treatment for these psychological injuries has been denied.

Plaintiff was not issued an incident report following the assault.  Prison officials agreed that it was not his fault.  Plaintiff blames the assault on the absence of any officers in the area for a period that exceeded thirty-five minutes.  He specifically claims that Officer Meyerhoff and Officer Rhodes were not at their assigned posts, and the Federal Bureau of Prisons failed to assign an officer to the Y Unit between midnight and 12:35 a.m. (Doc. 1-1, p. 4).  Further, no

one conducted the standard midnight head count on the night of Plaintiff's attack. Had the routine head count been completed in a timely manner, the officers could have stopped the assault on Plaintiff sooner or prevented it altogether.

Plaintiff now sues the United States, the United States Attorney General, and Warden Walton. He claims that the conduct set forth above violated his rights under the FTCA, the Eighth Amendment, and the Fourteenth Amendment (Doc. 1-1, p. 5). He seeks monetary damages (Doc. 1-1, p. 7).

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** **Defendants, by and through the negligence of USP-Marion officials, are liable under the Federal Tort Claims Act for Plaintiff's assault and resulting injuries;**
>
> **Count 2:** **Defendants failed to protect Plaintiff from an excessive risk of inmate assault, in violation of the Eighth Amendment and pursuant to *Bivens*; and**
>
> **Count 3:** **Defendants deprived Plaintiff of adequate medical care for the injuries that he sustained in the assault on June 23, 2014, in violation of the Eighth Amendment and pursuant to *Bivens*.**

As discussed in detail below, Plaintiff's FTCA claim (**Count 1**) and one of his *Bivens* claims (**Count 2**) shall receive further review, however, his deliberate indifference to medical needs claim (**Count 3**) shall be dismissed.

### Discussion

"Relief from misconduct by federal agents may be obtained either by a suit against the agent for a constitutional tort under the theory set forth in *Bivens* . . . or by a suit against the

United States under the Federal Tort Claims Act . . . which permits claims based upon misconduct [that] is tortious under state law." *Sisk v. United States*, 756 F.2d 497, 500 n. 4 (7th Cir. 1985) (citing 28 U.S.C. 1346(6), 2680). Plaintiff may maintain both an FTCA claim and a *Bivens* claim in the same suit. *See, e.g., Ting v. United States*, 927 F.2d 1504, 1513 n. 10 (9th Cir. 1991). The complaint, exhibits, and attached memorandum of law support a claim under both theories.

A.   **FTCA Claim – Count 1**

The FTCA allows "civil actions on claims against the United States, for money damages. . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Pursuant to the FTCA, "federal inmates may bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials." *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). State tort law of the state where the tort occurred applies when determining "whether the duty was breached and whether the breach was the proximate cause of the plaintiff's injuries." *Parrott v. United States*, 536 F.3d 629, 637 (7th Cir. 2008). *See also Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).

In this case, Illinois law applies. In order to state a claim for negligence under Illinois law, a complaint must allege facts to establish that the defendant owed the plaintiff a duty of care, breached that duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross,* 879 N.E.2d 278 (2007)). The complaint suggests that Plaintiff was assaulted for forty minutes by his cellmate as a result of the negligent or wrongful act or omission of federal employees.

Accordingly, Plaintiff shall be allowed to proceed with his FTCA claim. But he cannot proceed with this claim against all of the defendants. This is because "[t]he only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). *See* 28 U.S.C. § 2679(b). Therefore, **Count 1** shall only proceed against the United States and shall be dismissed against all other defendants without prejudice.

B.  *Bivens* **Claims – Counts 2 and 3**

*Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes filing such suits against state officers. . . ." *King v. Federal Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005). As in an action brought pursuant to Section 1983, "a defendant cannot be liable under *Bivens* on the basis of *respondeat superior* or supervisory liability[;] rather, there must be individual participation and involvement by the defendant." *Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011). "[T]he plaintiff must allege facts which show that the individual defendant was personally involved in the deprivation of the plaintiff's constitutional rights." *Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997).

The suit charges defendants with a violation of the cruel and unusual punishment clause of the Eighth Amendment, as incorporated by the Fourteenth Amendment. Negligence is not sufficient to support a claim under the Eighth Amendment. Deliberate indifference is required. "Deliberate indifference is more than negligence and approaches intentional wrongdoing." *Arnett*, 658 F.3d at 751 (internal quotation omitted). In the context of a failure to protect claim, the Seventh Circuit has stated:

> 'Because officials have taken away virtually all of a prisoner's ability to protect himself, the Constitution imposes on officials the duty to protect those in their

> charge from harm from other prisoners.' *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001). Yet, a prison official does not violate the Eighth Amendment every time an inmate gets attacked by another inmate. Prisons, after all, are dangerous places often full of people who have demonstrated aggression. And so, an inmate has no claim 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

*Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). In other words, a prison official has an obligation to "take reasonable measures to abate" a serious risk of harm, once the prison official becomes aware of that risk. *Id.* (citing *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006)).

When considered together, the complaint (Doc. 1) and memorandum of law (Doc. 1-1) support a deliberate indifference claim against the unknown "unit manager" and "unit officer," who disregarded Plaintiff's concerns that he was in danger on the day of his attack (Doc. 1, p. 5; Doc. 1-1, p. 2). When Plaintiff informed these officials that he was unsafe in his cell, they told him to "lock down," or stay put. No steps were taken to separate Plaintiff from his cellmate, monitor his cell more closely, or monitor the Y Unit more closely. By all indications, neither officer took any steps to protect Plaintiff. Given this, the Court cannot rule out an Eighth Amendment failure to protect claim against these individuals, and the Clerk shall be directed to add these unknown individuals as defendants to this action.

A deliberate indifference claim is not, however, stated against any other defendants. This includes Officer Meyerhoff and Officer Rhodes (unless, of course, they happen to be the "unit officer" and "unit manager" identified in the complaint and memorandum of law). The memorandum of law indicates that both of these individuals failed to report to their post or conduct a timely midnight head count on the night of Plaintiff's attack (Doc. 1, p. 1; Doc. 1-1, p. 4). At most, this conduct constitutes negligence--not deliberate indifference. The allegations

do not support a *Bivens* claim against either individual on these grounds alone, and Count 2 should be considered dismissed against them without prejudice.

Finally, the complaint and memorandum of law vaguely allude to other individuals who intervened in the attack, including the lieutenant and other officers. The allegations suggest, however, that these individuals stopped the attack. Even if they did so in a manner that Plaintiff found objectionable, the allegations do not suggest that their response rose to the level of deliberate indifference. Accordingly, Plaintiff shall be allowed to proceed with **Count 2** only against the unknown unit officer and unit manager; this claim shall be dismissed without prejudice against all other defendants.

The pleadings do not support a claim against any of the defendants for deliberate indifference to medical care (**Count 3**). It is true that the Eighth Amendment "safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009)). Prison officials violate the Eighth Amendment if they are deliberately indifferent to prisoners' serious medical needs. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).

Even assuming without deciding that Plaintiff's physical and psychological injuries are serious, the complaint does not suggest that any particular defendant responded to Plaintiff's request for medical care with deliberate indifference. The allegations do not refer to a single request or identify a particular individual in connection with this claim. The allegations are simply too vague to support a claim. Without more, **Count 3** fails to state a claim upon which relief may be granted and shall be dismissed without prejudice against all of the defendants.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Count 2 against Defendants Unknown Unit Officer and Unknown Unit Manager, however, these parties must be identified with particularity before service of the complaint can be made on them. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez*, 577 F.3d at 832. In this case, Warden Walton shall remain in this action, in his official capacity only, for purposes of responding to discovery aimed at identifying these unknown defendants. Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of Defendants "Unknown Unit Officer" and "Unknown Unit Manager" are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the complaint.

### Pending Motion

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which shall be addressed in a separate Order.

### Disposition

The **CLERK** is hereby **DIRECTED** to **ADD** the following individuals as defendants on the docket sheet in CM/ECF: **UNKNOWN UNIT OFFICER, UNKNOWN UNIT MANAGER, S/O MEYERHOFF,** and **S/O RHODES**.

**IT IS HEREBY ORDERED** that **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that Defendants **UNITED STATES ATTORNEY**

**GENERAL**, **S/O MEYERHOFF**, **S/O RHODES**, and **WARDEN WALTON (in his individual capacity only)** are **DISMISSED** without prejudice from this action.

**IT IS ORDERED** that with regard to **COUNT 1**, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on Defendant **UNITED STATES OF AMERICA**; the Clerk shall issue the completed summons. Further, with regard to **COUNT 2**, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendant **WARDEN WALTON (in his official capacity only)**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendant **WARDEN WALTON** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[1] All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate

---

[1] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

stating the date that a true and correct copy of the document was mailed to the United States Attorney. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Service shall not be made on the Unknown Defendants until such time as Plaintiff has identified them by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS ORDERED** that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

**IT IS ORDERED** that pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including discovery aimed at identifying Defendants Unknown Unit Officer and Unknown Unit Manager.

**IT IS FURTHER ORDERED** that this entire matter is **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1)

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  April 22, 2015

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**