IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROGER A. GRIGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-335-JPG-DGW |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Sanctions filed by Defendant, United States of America, on May 9, 2016 (Doc. 34). For the reasons set forth below, the Motion is **GRANTED**.

### PROCEDURAL BACKGROUND

Plaintiff Roger A. Griggs filed this action on March 27, 2015, *pro se*, alleging his constitutional rights were violated while he was in the custody of the United States Bureau of Prisons, incarcerated at the United States Penitentiary in Marion, Illinois ("USP-Marion"). More specifically, Plaintiff alleges that he informed prison officials of threats made by his cellmate; however, prison officials ignored the threats, causing Plaintiff to be attacked and brutally beaten by his cellmate on June 23, 2014. Following an initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on a Federal Tort Claims Act claim against Defendant USA and on a *Bivens* claim against unknown defendants for failing to protect Plaintiff from an excessive risk of inmate assault, in violation of the Eighth Amendment.

On March 7, 2016, the Court dismissed the unknown defendants, allowing Plaintiff to

proceed only on his FTCA claim against the United States (*See* Doc. 30). Subsequently, on May 9, 2016, Defendant USA filed the motion for sanctions now before the Court (Doc. 34).

In its motion, Defendant asserts that on March 15, 2016 it properly noticed Plaintiff's deposition for 1:00 p.m. on April 19, 2016 at the U.S. Attorney's Office located in Fairview Heights, Illinois (*See* Doc. 32-1, pp. 8-10). In accordance with the notice, counsel for Defendant, a representative of the BOP, and a certified court reporter convened for the deposition; however, Plaintiff failed to appear (*See Id.* at pp. 1-6). Defendant asserts that Plaintiff failed to contact opposing counsel or his office to indicate his inability to appear for the deposition. On May 4, 2016, Plaintiff contacted opposing counsel, but provided no justifiable reason for why he did not contact counsel prior the April 19, 2016 deposition. Accordingly, Defendant asks that the Court order Plaintiff to pay the costs of the court reporter related to the taking of April 19, 2016 deposition in the amount of $169.20 (*see* Doc. 32-2), pursuant to Federal Rule of Civil Procedure 37(d)(1)(A).

Plaintiff's response to Defendant's motion for sanctions was due on May 23, 2016. No response was filed; however, Plaintiff's retained counsel, Attorney Jarrod P. Beasley, entered his notice of appearance on behalf of Plaintiff on June 1, 2016 (*See* Doc. 35). In light of the entry of Attorney Beasley, the Court, *sua sponte*, granted Plaintiff additional time, up to and including July 7, 2016 to respond to Defendant's motion for sanctions (*See* Docs. 43 and 44). As of the date of this Order, no response has been filed.

## DISCUSSION

Federal Rule 37(d)(1)(A) provides that the Court may order sanctions if a party fails to appear at his deposition after being served with proper notice. Available sanctions include the payment of reasonable expenses, including attorney's fees and costs, as well as those listed in Rule

37(b)(2)(A)(i)-(vi).

In this instance, Defendant asserts that Plaintiff failed to appear for his properly noticed deposition. Plaintiff has failed to respond and, as such, has not provided the Court with any argument to the contrary. The Court, in its discretion, deems Plaintiff's failure to respond an admission of the merits of Defendant's motion pursuant to Local Rule 7.1(g). As it is undisputed that Plaintiff failed to appear for his properly noticed deposition, despite having ample time and opportunity to notify opposing counsel of any scheduling conflicts, and Plaintiff has since failed to articulate how his failure to attend the deposition was "substantially justified," the Court finds it appropriate to award Defendant the reasonable costs incurred in scheduling the deposition in the amount of $169.20. Accordingly, Defendant's Motion for Sanctions (Doc. 34) is **GRANTED**. Plaintiff is hereby **ORDERED** to pay the $169.20 court reporter fee by **October 14, 2016**. Plaintiff is **WARNED** that his failure to comply with this Order will result in additional sanctions.

**IT IS SO ORDERED.**

**DATED: September 19, 2016**

                                         **DONALD G. WILKERSON**
                                         **United States Magistrate Judge**